**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VENANCIO CORTEZ, AKA Venancio Cortes-Cortes, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 15-71042 <br><br> Agency No. A205-147-507 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Venancio Cortez, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") removal order denying his request for a continuance. Our jurisdiction

is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

continuance and review de novo questions of law. *Ahmed v. Holder,* 569 F.3d 1009, 1012 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion or violate Cortez's due process right to counsel in denying Cortez's request for a second continuance for failure to show good cause, or in granting the motion to withdraw, where he had more than a year to find representation after his prior counsel withdrew. *See Ahmed,* 569 F.3d at 1012; *Biwot v. Gonzales,* 403 F.3d 1094, 1099-1100 (9th Cir. 2005) (listing factors to be considered when deciding what constitutes a reasonable time to obtain counsel); *see also Vides-Vides v. INS,* 783 F.2d 1463, 1470 (9th Cir. 1986) (failure to obtain counsel after two continuances over four months simply meant alien was "unable to secure counsel at his own expense").

Cortez's contention that the IJ did not properly question him about a possible asylum claim is unavailing, where he never expressed a fear of persecution to the IJ. *See* 8 C.F.R. § 1240.11(c)(1) (requiring an IJ to provide information about applying for asylum if an alien expresses a fear of persecution or harm upon being removed).

We lack jurisdiction to consider Cortez's unexhausted contention that he was never advised of the requirements for voluntary departure.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**